UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| SUSAN PIOCH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:20-cv-403-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN QUINTANA, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Susan Pioch, an inmate at the Federal Medical Center in Lexington, Kentucky, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 regarding her ability to access FMC-Lexington's video conferencing equipment for a resentencing proceeding. [*See* R. 1.] The Respondent has now filed a response to the petition. After reviewing this response as well as the record in Pioch's criminal case, the Court **DENIES** Pioch's request for relief as moot.

In her petition, Pioch alleged that FMC-Lexington was preventing her from accessing video technology for a resentencing proceeding in her underlying Northern District of Ohio criminal case. [*Id.*] Pioch claimed that others were utilizing the technology but that she had not been allowed to do so. Further, she argued that she had a constitutional right to attend her hearing virtually to avoid contracting Covid-19 during a physical transfer back to Ohio. [*Id.*] The Respondent's response to Pioch's petition asserted that a video conference for Pioch was scheduled for November 10, 2020. [R. 8 at 4.] And, in fact, the record in Pioch's criminal case indicates that the proceeding successfully occurred. Pioch was resentenced via video, with

defense counsel present, before Judge James G. Carr in the Northern District of Ohio on November 10.  *See United States v. Pioch*, et al., Case No. 3:14-cr-403-JGC-1 (N.D. Ohio 2014).

Resentencing via video conference is the only relief Pioch requested in her § 2241 petition.  [*See* R. 1 at 5 ("I am not challenging the jury verdict to convict, nor the Sixth Circuit remand with instructions to remove the 2-point enhancement.  I am trying to get video resentenced . . . .").]  Accordingly, Pioch's petition for a writ of habeas corpus is now moot, and there is no case or controversy for this Court to decide.  "If a case in federal court loses its character as an actual, live controversy at any point during its pendency, it is said to be moot.  When that happens, the case is no longer within the jurisdiction of the federal courts, and therefore must be dismissed."  *Pettrey v. Enterprise Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009) (internal citations omitted).

For these reasons, the Court hereby **ORDERS** as follows:

1. Pioch's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED AS MOOT**;

2. Judgment will be entered contemporaneously herewith; and

3. This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 16th day of November, 2020.

Gregory F. Van Tatenhove
United States District Judge

2